UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MORGAN HOWARTH,<br><br>    Plaintiff,<br><br>v.<br><br>OUR BOAT HOUSE, INC., and<br>KAREN MARCIL, and<br>ROGER MARCIL,<br><br>    Defendants. | Civil Action No.:   1:18-cv-00878<br><br>COMPLAINT AND JURY<br>DEMAND |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, MORGAN HOWARTH ("Howarth" or "Plaintiff"), brings this complaint in the United States District Court for the Eastern District of Virginia against OUR BOAT HOUSE, INC. ("Our Boat House"), KAREN MARCIL ("Karen"), and ROGER MARCIL ("Roger") (together "Defendants"), alleging as follows:

PARTIES

1. Plaintiff is a commercial photographer of thirty-nine (39) years experience. Plaintiff specializes in landscape and architectural photography. Plaintiff works with a wide range of advertising and editorial clients, including but not limited to: AARP, CBS, Clark Shoes, Cuddledown Catalog, GH Bass Shoes, Hilton Hotels, Niche Media, Sears, and Thomas Moser Furniture. Plaintiff resides in Gainesville, Virginia.

2. On information and belief, Our Boat House is a Corporation existing under the laws of the state of Florida, with headquarters in Vero Beach, Florida. Our Boat House sells home

furnishings inspired by nautical themes. Our Boat House owns, operates, and is solely responsible for the content on the commercial website, www.ourboathouse.com.

3. On information and belief, Karen is President and Secretary of Our Boat House.

4. On information and belief, Roger is Vice President and Treasurer of Our Boat House.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

6. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

7. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c)(2), in that Defendants: (1) directed electronic activity into the Commonwealth of Virginia; (2) with the manifested intent of engaging in business or other interactions within the Commonwealth of Virginia; and (3) that activity created, in a person within the state, a potential cause of action cognizable in the Commonwealth of Virginia's courts.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendants are subject to personal jurisdiction in this district.

9. This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff captured the photographs, "87_Anchor_Exterior_Front_Daylight_F," "87_Anchor_Living_Room_1," "87_Anchor_Living_Room_2," 87_Anchor_Exterior_Front_Daylight_F," "87_Anchor_Kitchen_3 ," "87_Anchor_Kitchen_3," "87_Anchor_Kitchen_2," 87_Anchor_Master_Bed_2," and "87_Anchor_Dining_Porch_F" ("Copyrighted Photographs") on July 16, 2014 in Rehobeth Beach, Delaware. [Exhibits 1(a-d)]. Plaintiff captured Copyrighted Photographs using great technical skill, as well as significant time and energy.

11. On or about August 1, 2014, Plaintiff posted Copyrighted Photographs to www.morganhowarth.photoshelter.com (Last visited June 1, 2018). [Exhibit 2(a-d)].

12. Plaintiff registered Copyrighted Photographs with the United States Copyright Office on August 29, 2014 (Registration No.: VA 1-958-957). [Exhibit 3].

13. Beginning on or about October 20, 2014, Defendants copied and posted Copyrighted Photographs to the Defendants' commercial website, www.ourboathouse.com (Last visited June 1, 2018).

14. Defendants posted Copyrighted Photographs to the following URL:
   - www.ourboathouse.com/blog/beach-house-tour-rehobeth-beach-house (Last visited June 1, 2018 [Exhibit 4].

15. Defendants included clearly-visible, active links to several social media websites immediately adjacent to the Copyrighted Photographs. [Exhibit 4(a-d)].

16. On October 27, 2014, Defendants posted a link to the Copyrighted Photographs on the Our Boat House Facebook feed, www.facebook.com/OurBoatHouse. [Exhibit 5].

17. Plaintiff discovered Defendants' use of Copyrighted Photographs on or about March 1, 2017.

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

18. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

19. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photographs, which are the subject of a valid Certificate of Copyright Registration by the Register of Copyrights.

20. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute Copyrighted Photographs to the public.

21. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photographs on Defendants' commercial website, www.ourboathouse.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

22. Upon information and belief, Karen and Roger are the dominant influences in Our Boat House, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Karen and Roger are jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Karen and Roger maintained the right and ability to control the infringing activities of Our Boat House, and had a direct financial interest in those activities by virtue of their ownership in the company and the profits derived from the direct sale of products and services by Our Boat House.

Accordingly, Karen and Roger are vicariously liable for copyright infringement. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

23. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photographs.

## COUNT II: CONTRIBUTORY INFRINGEMENT

25. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly made available Copyrighted Photographs to third party publishers by posting active links to social media companies immediately adjacent to Copyrighted Photographs.

26. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

27. As a result of Defendants' actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper.

## COUNT III: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

28. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, provided copyright information management information that was false, as well as intentionally removed the copyright management information from Plaintiff's Copyrighted Photographs before

displaying Copyrighted Photographs on Defendants' public website, www.ourboathouse.com. In doing so, Defendants violated 17 U.S.C. § 1202(a)(1) and (b)(1).

29. As a result of Defendants' actions, Plaintiff is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.


Dated: July 15, 2018                      ___/s/____*David C. Deal*_____
                                           David C. Deal (VA Bar No.: 86005)
                                           The Law Office of David C. Deal, P.L.C.
                                           P.O. Box 1042
                                           Crozet, VA 22932
                                           434-233-2727, Telephone
                                           888-965-8083, Facsimile
                                           david@daviddeal.com
                                           *Counsel for Plaintiff*